IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMOND THOMAS, | No. CIV S-12-0590-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. PINA, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 13). Plaintiff filed an opposition to the motion, and defendant filed a reply.

**I.     BACKGROUND**

This action proceeds on plaintiff's original complaint (Doc. 1). Plaintiff alleges defendant Pina intentionally interfered with his right of access to the courts, by blocking his access to the law library. As a result, plaintiff alleges he missed a filing deadline in the United State Supreme Court, resulting in a procedural bar.

/ / /

/ / /

## II.     MOTION TO DISMISS

Defendant brings this motion to dismiss on the basis that plaintiff failed to properly exhaust his administrative remedies prior to filing this action. In the motion, defendant contends plaintiff failed to follow the proper procedure and did not obtain a Director's Level review of his grievance.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in

the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

1  3084.3(c)(6) and 3084.6(c).  If a group of inmates intend to appeal the same decision or action,
2  one grievance form is used and a list of the participating inmates must be attached.  The list must
3  be legible and state the inmates' names, departmental identification numbers, and housing
4  assignment.  The form must also be signed by all participating inmates.  Currently, California
5  regulations do not contain any provision specifying who must be named in the grievance.

6            In certain circumstances, the regulations make it impossible for the inmate to
7  pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939
8  n. 11 (9th Cir. 2005).  "[A] prisoner need not press on to exhaust further levels of review one he
9  has either received all 'available' remedies at an intermediate level of review or been reliably
10 informed by an administrator that no remedies are available."  Id. at 935.  Where a claim
11 contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and
12 processed through a separate confidential process, prison officials lose any authority to act on the
13 subject of the grievance.  See id. at 937 (citing Booth, 532 U.S. at 736 n. 4).  Thus, the claim may
14 be exhausted when it is characterized as a "staff complaint," especially where the inmate is not
15 counseled that any further review is available.  See id. at 937, 940.

16           Here, defendant argues plaintiff failed to exhaust his administrative remedies
17 because he failed to complete the grievance process properly.  Plaintiff submitted an inmate
18 grievance addressing the issue present in this action to the first level appeal on November 14,
19 2010.  His grievance was partially granted at the first level on December 21, 2010, and the
20 grievance form was returned to plaintiff on February 2, 2011.  The grievance was partially
21 granted in that an inquiry was conducted as to plaintiff's staff complaint.  The first level response
22 portion of the form was signed and completed in full.  However, there was an additional mark in
23 the second level response portion, wherein the "partially granted" box also had a mark.  The
24 second level response segment was not completed, however, and there was no decision rendered
25 or signature as to the second level reviewer's action.  Only that portion relating to the first level
26 reviewer's action was completed, and plaintiff was provided with a written memorandum as to

the first level reviewer's decision.

Plaintiff, who contends he thought both the first and second level reviews were partially granted, then submitted his grievance to the Director's Level effectively bypassing the second level review. The submission to the Director's Level review was screened out due to plaintiff's failure to submit the grievance at the second level. Plaintiff states the grievance was returned to him 18 days after he had submitted it to the Director's Level review, which defendant states was on or about March 7, 2011. After receiving the screened-out grievance back, the proper action was for plaintiff to resubmit it at the second level review for processing. Plaintiff states he did so, but does not provide a copy of his grievance form with the appropriate portions filled out. In order to be timely, this re-submission would have occurred on or about March 22, 2011. After not receiving a response, plaintiff followed up on the grievance on or about January 17, 2012. This was about ten months after he would have re-submitted the grievance to the second level. He was then informed that there was no record of an appeal pending, nor receipt of any appeal submitted after the initial appeal. Plaintiff argues the only explanation for this missing appeal must be that it was one of the items mishandled by the mail room staff.

Defendant argues that plaintiff failed to comply with all of the procedural rules. Plaintiff erroneously submitted his grievance to the Director's Level prior to submitting and receiving a decision at the second level review. Defendant submits declarations from the inmate appeals personnel, certifying the only appeal plaintiff submitted is the one discussed above, SAC-P-10-01477, and that this appeal was partially granted at the first level review and screened out at the Director's Level review. There is no record of plaintiff having submitted the inmate grievance at the second level review. The only evidence countering these declarations is plaintiff's statements that he re-submitted his appeal at the second level. He does not, however, provide any support for that statement such as a copy of the grievance form requesting the second level review.

///

While the burden is on the defense to show plaintiff failed to exhaust his administrative remedies, once they have met that burden it shifts to the plaintiff to demonstrate that the grievance procedure was somehow unavailable. See Albino v. Baca, 697 F.3d 1023, xx (9th Cir. 2012). Defendant met his burden with the declarations and the inmate grievance plaintiff filed which was accepted. The burden then shifts to the plaintiff, who fails to support his contention that he re-submitted the grievance at the second level. Weighing the evidence presented, the undersigned finds that the preponderance of the evidence shows plaintiff failed to properly exhaust his administrative remedies. Plaintiff's self serving statements that he re-submitted his grievance to the second level review falls short of rebutting defendant's evidence that he failed to properly exhaust.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismissed be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE